IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEBRA G. HAYNES,**

               Petitioner,

     v.                                   CASE NO. 07-3085-RDR

**RICHARD KOERNER,**

               Respondent.

**O R D E R**

This matter is before the court on a petition for habeas corpus filed by a federal prisoner incarcerated in the Topeka Correctional Facility in Topeka, Kansas. Petitioner proceeds pro se and has submitted the $5.00 district court filing fee in this habeas action.

Petitioner states she is serving a sentence imposed in 2001 in the United States District Court for the Western District of Missouri, and claims the Bureau of Prisons has erroneously interpreted 28 U.S.C. § 3624(b) in calculating her statutory good time credits. Petitioner also alleges error in her federal conviction and in the sentence imposed.

Generally, two avenues of post-conviction relief are available to a federal prisoner: namely, a habeas corpus petition filed under 28 U.S.C. § 2241 to challenge the execution of a sentence, and a motion filed under 28 U.S.C. § 2255 to challenge the legality of the prisoner's detention or sentence. Unless it is determined to be inadequate or ineffective, a motion filed pursuant to 28 U.S.C. § 2255 is "[t] exclusive remedy for testing the validity of a judgment and sentence." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.

1966). If the remedy under 28 U.S.C. § 2255 fails to adequately test the legality of a prisoner's confinement, the prisoner may proceed under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255; <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964). The fact that a prisoner unsuccessfully sought relief under 28 U.S.C. § 2255, or that any relief under that statute is now time barred, does not demonstrate the remedy is inadequate or ineffective.

In this case, petitioner's fourth claim concerning the execution of her sentence by the Bureau of Prisons is properly before this court in this action filed under 28 U.S.C. § 2241. Accordingly, because petitioner names only the warden of the state facility as a respondent, the court liberally construes the pro se pleading as naming the Bureau of Prisons as a respondent as well, and amends the petition to effect this amendment.

Petitioner's first three claims, however, challenge the legality of her conviction and sentence and must be raised in an action filed under 28 U.S.C. § 2255 unless petitioner can establish that the remedy afforded by § 2255 is inadequate or ineffective.

The court thus directs petitioner to show cause why petitioner's first three claims (ineffective assistance of counsel; the enhancement of her sentence for possession of a firearm; and the sentencing court's imposition of a term of supervised release) should not be dismissed from this action.

IT IS THEREFORE ORDERED that the petition is amended by the court to name the Bureau of Prisons as an additional respondent.

2

IT IS FURTHER ORDERED that petitioner is granted to and including May 25, 2007, to show cause why petitioner's first three claims should not be dismissed from this action. The failure to file a timely response may result in the dismissal of that claim without prejudice and without additional prior notice to petitioner.

A copy of this order shall be transmitted to petitioner.

**IT IS SO ORDERED**

DATED:  This 7th day of May 2007, at Topeka, Kansas.

    s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge