IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEBRA G. HAYNES,**

                    **Petitioner,**

      v.                                            **CASE NO. 07-3085-RDR**

**RICHARD KOERNER,**

                    **Respondent.**

### O R D E R

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record which contains respondent's answer and petitioner's traverse, the court denies the petition.

Petitioner claims the Bureau of Prisons (BOP) failed to properly calculate the statutory good time credit to which she is entitled on her federal sentence.[1] At issue is BOP's interpretation of 18 U.S.C. § 3624(b)(1), and application of related BOP policies and administrative directives as contained in 28 C.F.R. § 523.20 and BOP Program Statement 5880.28. Petitioner contends she is entitled to up to 54 days of good time credit for each year of the sentence imposed, and alleges error by the BOP in using the time an inmate actually serves as the basis for awarding good time credit under §

---

[1] Petitioner also alleged error in her federal conviction and in the sentence imposed. The court previously dismissed these claims for lack of subject matter jurisdiction under 28 U.S.C. § 2241, finding relief on petitioner's challenge to the legality of her conviction and sentence must be pursued through a direct appeal or collaterally through a motion filed in the sentencing court under 28 U.S.C. § 2255.

3624(b)(1).

However, in Wright v. Federal Bureau of Prisons, 451 F.3d 1231 (10th Cir. 2006), *cert. denied*, 549 U.S. 1152 (2007), the Tenth Circuit Court of Appeals held that 18 U.S.C. § 3624(b) is ambiguous, that BOP's interpretation of § 3624(b)(1) is reasonable within the deference due under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984), and that the rule of lenity does not apply.  Pursuant to this controlling 10th Cir. case, the court finds petitioner is entitled to no relief on her claim of error in the execution of her federal sentence.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

**IT IS SO ORDERED**

DATED:  This 6th day of May 2009, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge